## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07-1534 (RCL) |
| v. | ) ) | |
| CARLOS M. CRUZ, *et al.* | ) | |
| Defendants. | ) ) | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff, the International Painters and Allied Trades Union Industry Pension Fund ("Pension Fund" or "Plaintiff"), respectfully moves this Court for entry of judgment by default Defendants, Carlos M. Cruz, d/b/a Magnum Painting Co. a/k/a Magnum Painting and Magnum Painting Co., Inc. a/k/a Magnum Painting Company, Inc., jointly and severally, in the amount of $114,779.81, which includes contributions, interest, late fees, liquidated damages and attorneys' fees and costs incurred by the Pension Fund pursuant to 29 U.S.C. §185(a) and 1132(g)(2)(A) through (D), and for injunctive relief.

In support of this Motion, Plaintiff relies upon the allegations in its Complaint, the Declaration of Thomas Montemore[1] and the Declaration of Philip A. Lozano.[2]

The grounds for this Motion are as follows:

1.     Prior to the commencement of this action, the Plaintiff attempted to resolve this delinquency in an amicable manner.

---

[1]     The Declaration of Thomas Montemore ("Montemore Declaration") is attached to this Motion as Exhibit 1. The exhibits referenced in the Montemore Declaration are attached as Exhibit 2 and 3.
[2]     The Declaration of Philip A. Lozano ("Lozano Declaration") is attached to this Motion as Exhibit 4. The exhibits referenced in the Lozano Declaration are attached to this Motion as Exhibits 5-7.

192870-1

2.      The requested payments were not received and the Complaint in this matter was filed on August 29, 2007.  The Complaint was served on Defendants on December 15, 2007 as appears from the Affidavits of Service duly filed with the Court.

3.      No Answer to the Complaint has been filed by the Defendants.

4.      On January 8, 2007, Plaintiff filed a Request to Clerk to Enter Default against the Defendants pursuant to Fed. R Civ. P. 55(a). A copy was sent via first-class mail, postage prepaid, to the Defendants.

5.      On January 9, 2007, the Clerk of the Court entered default against all Defendants.

6.      Defendants are neither infants nor incompetent people and the Individual Defendant is not in the military service.

**WHEREFORE**, Plaintiff seeks the following relief:

(a)      Judgment entered as set forth in the proposed Order and Judgment attached to this Motion; Such other and further relief as the Court deems just, necessary and appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.
 /s/ Kent Cprek
KENT CPREK
Bar No. 478231
PHILIP A. LOZANO*
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0615/0669
Attorneys for the Fund

Date: January 29, 2008
*Application for Pro Hac Admission of Philip A. Lozano shall be made at the appropriate time.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07-1534 (RCL) |
| v. | ) ) | |
| CARLOS M. CRUZ, *et al.* | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
JUDGMENT BY DEFAULT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 55(b) AGAINST DEFENDANTS.**

Plaintiff, the International Painters and Allied Trades Union Industry Pension Fund

("Pension Fund" or "Plaintiff"), by its legal counsel, submits this Memorandum of Law in

Support of its Motion for Judgment by Default.[3]

The Plaintiff served its Complaint on Defendants, Carlos M. Cruz, d/b/a Magnum

Painting Co. a/k/a Magnum Painting and Magnum Painting Co., Inc. a/k/a Magnum Painting

Company, Inc., on December 15, 2007. To date, Defendants have failed to answer the

Complaint or otherwise defend this action. On January 8, 2007, Plaintiff filed a Request For

Entry of Default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil

Procedure. The default was entered against all defendants on or about January 9, 2007.

In light of Defendants' default and Defendants' continuing failure to appear or otherwise

defend, the Pension Fund is entitled to judgment by default against Defendants without a

hearing. Fed. R. Civ. P. 55(b); United States v. De Frantz, 708 F. 2d 310 (7th Cir. 1983);

---

[3]      Attached to the Motion accompanying this Memorandum are the Declarations of Thomas Montemore
("Montemore Declaration") and Philip A. Lozano ("Lozano Declaration"). Also attached is a proposed form of
Default Judgment.

Draisner v. Liss Realty, 211 F. 2d 808 (1954). Moreover, where defendants, such as those here, fail to respond to the Complaint, all factual allegations in the Complaint are deemed admitted. Thomson v. Wooster, 114 U.S. 104 (1885); Au Bon Pain Corp. v. Artect, Inc., 653 F 2d 61 (2d Cir. 1981); U.S. ex. Rel. v. Carr, 567 F. Supp. 831, 840 (W.D. MI 1983). General allegations of fact are also deemed true. Danning v. Lavin, 572 F. 2d 1386, 1388-89 (9th Cir. 1978) (allegations of insolvency pled in general terms held sufficient to support a finding of fraudulent conveyance or voidable preference).

Defendants were party to collective bargaining agreements (singly or jointly "Labor Contracts") with the various local unions and district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO-CFC ("International" or "Union"). See, Exhibit 1, Montemore Declaration, ¶6; Exhibit 2, true and correct copies of relevant provisions from the Labor Contracts. Under the Labor Contract, Defendants are required to remit fringe benefit contributions and other sums to Plaintiff. See, Exhibit 1, Montemore Declaration, ¶¶6-7; Exhibit 2, Labor Contracts. The failure to pay these fringe benefit contributions and other amounts results in a delinquency to the Plaintiff.

## ARGUMENT

A.  **ENTRY OF JUDGMENT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, FOR UNPAID CONTRIBUTIONS, INTEREST, AUDIT COSTS, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE**

Defendants are parties to one or more Labor Contracts with the Union. See, Exhibit 1, Montemore Declaration, ¶6; Exhibit 2, Labor Contracts. The Labor Contracts provide for the payment of contributions to the Pension Fund for time worked by or paid to employees who perform work covered by its terms and conditions. See, Exhibit 1, Montemore Declaration, ¶7;

Exhibit 2, Labor Contracts. Failure to make these contributions, or to submit either incorrect or late remittance reports, results in a delinquency to the Pension Fund. Ibid. Under the Labor Contracts, the Pension Fund also has the right to audit the signatory's payroll books and related records to determine that all of the required contributions have been paid. See, Exhibit 1, Montemore Declaration, ¶¶7 -9; Complaint, Exh. 1; Exh.2, Labor Contracts. Finally, under the terms of the Labor Contracts, the employer agrees to be bound by the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement," attached as Exhibit 1 to the Complaint filed in this matter and incorporated by reference) and the International Painters and Allied Trades Industry Pension Plan ("Plan," attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) and by all amendments thereto and actions taken by the trustees of the Pension Fund. See, Complaint, ¶¶ 8-9; Exhibit 1, Montemore Declaration, ¶6; Exhibit 2, Labor Contracts.

Furthermore, Section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1145, provides:

> Every Employer who is obligated to make contributions to a bargained agreement shall ... make contributions in accordance with ... such agreement.

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515 of ERISA, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). Section 502(g)(2) provides for the mandatory award of the following if a judgment is entered in the Pension Fund's favor pursuant to Section 515:

> A.    the unpaid contributions;

B.   interest on the unpaid contributions;[4]

C.   an amount equal to the greater of:

   (i)   interest on the unpaid contributions; or

   (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under subparagraph (a);[5]

D.   reasonable attorneys' fees and costs of the action, to be paid by the Defendants; and

E.   such other legal or equitable relief as the court deems appropriate.

Company has defaulted on the Agreement and failed to submit contributions for the period April 2004 through March 2006. See, Exhibit 1, Montemore Declaration, ¶8-9. As a result, Plaintiff is entitled to judgment in at least the amount of $114,779.81.

1.   **Defendants owe contributions in at least the amount of $77,818.07**

Defendants have failed to submit the required contributions for the period of April 2004 through March 2006 in the total amount of $77,818.07. See Exhibit 1, Montemore Declaration, ¶9. This amount is based on an audit of Defendants records which was completed on May 15, 2006. See, Exhibit 1, Montemore Declaration, ¶9. Therefore, Defendants owe a total of at least $77,818.07 in contributions.

2.   **Defendants owe interest in the amount of $15,770.45**

---

[4]   Section 10.12(b)(2) of the Plan sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. See, Complaint, Exhibit 2.

[5]   ERISA and §10.12(b)(3) of the Plan's rules and regulations mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions due at the commencement of the lawsuit and those which become delinquent during the course of the litigation. See, Complaint, Exhibit 2. Article VI, Sec. 4 of the Trust Agreement also provides for the assessment of liquidated damages on contributions paid after the due date. See, Complaint, Exhibit 1.

The rules and regulations as set forth in §10.12(b)(2) of the Plan set the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through January 31, 2008 on Defendants' delinquent contributions totals $15,770.45. See, Exhibit 1, Montemore Declaration, ¶10; 29 U.S.C. §1132(g)(2)(B); 26 U.S.C. §6621. Interest will continue to accrue until the amounts are paid.

### 3.    Defendant owes audit costs in the amount of $1,173.55

ERISA and §10.12 of the Plan allow other legal or equitable relief as the Court deems appropriate. Article VI, § 6 of the Pension Fund's Agreement and Declaration of Trust provides that any employer found delinquent or in violation of the Rules and Regulations of the Pension Plan as a result of an audit may be required to pay the Funds the cost of the audit. Defendant owes audit costs in the amount of $1,173.55. Montemore Declaration, ¶11. See also, International Brotherhood of Painters and Allied Trades International Union and Industry Pension Fund v. Claser Painting Corporation, No. 91-7185, slip. op. at *1-2 (D.C. Cir. Feb. 1, 1993).

### 4.    Defendants owe liquidated damages in the amount of $15,770.45

ERISA and §10.12(b)(3) of the Plan's rules and regulations mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions due at the commencement of the lawsuit and those which become delinquent during the course of the litigation. Article VI, Sec. 4 of the Pension Fund's Trust Agreement also provides for the assessment of liquidated damages on contributions paid after the due date. The total amount of liquidated damages is $15,613.52. The amount of liquidated damages is less than the interest due ($15,770.45). Therefore, Defendants owes $15,770.45 in liquidated damages. See, Exhibit 1, Montemore Declaration, ¶12; 29 U.S.C. §1132(g)(2)(C).

5.    **Defendants owe attorneys' fees in the amount of $4,247.29**

Plaintiff has incurred $4,247.29 in attorneys' fees and costs in connection with this matter

through October 15, 2007. See, Exhibit 4, Lozano Declaration, ¶2; Exhibit 5. See, 29 U.S.C.

§1132(g)(2). The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it

incurs in connection with the enforcement and collection of any judgment entered by the Court.

See, International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co.,

Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d

807 (7th Cir. 1986); Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57

Fed. Appx. 972 (3d Cir. 2003); Sheet Metal Workers Health and Welfare Trust Fund v. Big D

Service Co., 867 F.2d 852 (10th Cir. 1989)). Therefore, Defendants owe $4,247.29 in attorneys'

fees and costs.

6.    **The Pension Fund is entitled to injunctive relief**

The failure of Defendants to comply with their contractual and statutory obligations

results in a substantial adverse impact on the Pension Fund's ability to meet its legal obligations.

The Pension Fund is obligated by express mandates of ERISA and by the documents and

instruments by which it is administered to provide benefits and pension credits to all of

Company's employees who are otherwise eligible to receive them. 29 C.F.R. 2530-200b-2(a)(1)

and (2); Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight,

Inc., 511 F.Supp. 38 (D.Minn. 1980), aff'd sub. nom., Central States, S.E. & S.W. Areas Pension

Fund v. Jack Cole-Dixie Highway Co., Inc., 642 F.2d 1122 (8th Cir. 1981). The Pension Fund is

required to provide these benefits and credits regardless of whether Defendants make the

contributions. For example, if employees perform work covered by the collective bargaining

agreement, the Pension Fund has affirmative obligations to credit hours for retirement benefits

agreement, the Pension Fund has affirmative obligations to credit hours for retirement benefits regardless of whether a signatory employer makes contributions to the Pension Fund. The result of Company's non-compliance with ERISA and the Labor Contract is a significant drain on the Pension Fund's resources.

Additionally, where, as here, Defendants fail to remit their contributions, the Pension Fund loses the income that it would have earned by investing those contributions. Combining this loss of investment income with the Pension Fund's requirement to continue paying benefits to Company's employees (as well as to the employees of other signatory contractors) will eventually affect the actuarial soundness of the Pension Fund as well as deplete the resources available to pay current pension benefits.

Furthermore, the Pension Fund incurs additional administrative expenses as a result of Defendants' failure to pay their contributions. These losses and added expenses significantly impair the Pension Fund's ability to continue to provide benefits to not only Company's employees, but also to employees of companies that comply with their contractual obligations.

In light of Defendants' failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month, and the irreparable harm which Defendants' malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. Laborers' Fringe Benefit Funds v. Northwest Concrete, 640 F.2d 1350, 1352 (6th Cir. 1981); IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc. , 4 EBC 1199, 1200 (D.D.C. 1983); Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co., 640 F.Supp. 223 (D.D.C. 1986).

## CONCLUSION

Plaintiff, therefore, requests that the Court enter a judgment against Defendants, jointly and severally, in the amount of $114,779.81, which includes $4,247.29 in attorneys' fees and costs, order Defendants to submit the remittance reports and corresponding contributions together with interest and liquidated damages and order Company to produce its payroll books and related records for an audit for all periods in which the Company is obligated to make fringe benefit contributions to the Pension Fund.

In light of the clear statutory intent of ERISA, it is respectfully requested that this Court grant the Pension Fund the relief requested in the Motion for Default Judgment.

<div style="margin-left: 40%;">

Respectfully submitted,

JENNINGS SIGMOND, P.C.
 /s/ Kent Cprek
KENT CPREK
Bar No. 478231
PHILIP A. LOZANO*
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0615/0669
Attorneys for the Fund

</div>

Date: January 29, 2008


*Application for Pro Hac Admission of Philip A. Lozano shall be made at the appropriate time.

## CERTIFICATE OF SERVICE

I, KENT CPREK, ESQUIRE, state, under penalty of perjury, that the foregoing Motion for Judgment by Default by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants was served by mailing same first class mail, postage prepaid, on the date listed below to:

Carols M. Cruz
c/o Magnum Painting Co., Inc.
a/k/a Magnum Painting Company, Inc.
126 Mapes Ave, First Floor Apartment
Newark, NJ 07712

Magnum Painting Co., Inc.
a/k/a Magnum Painting Company, Inc.
126 Mapes Ave First Floor Apartment
Newark, NJ 07712

s/  Kent Cprek
Kent Cprek, ESQUIRE

Date: January 29, 2008

**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE FOR VIEWING AND DOWNLOADING FROM THE ECF SYSTEM**

192870-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07-1534 (RCL) |
| v. | ) ) | |
| CARLOS M. CRUZ, *et al.* | ) | |
| Defendants. | ) | |

## ORDER AND JUDGMENT BY DEFAULT AGAINST DEFENDANTS

Upon consideration of the Complaint and Plaintiff's Motion for Entry of Judgment by Default, the supporting Memorandum, declarations and attached Exhibits, it appears to the Court that Defendants were served with process and have inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendants having been entered, the Court **FINDS**:

A.     Defendants, Carlos M. Cruz, d/b/a Magnum Painting Co. a/k/a Magnum Painting and Magnum Painting Co., Inc. a/k/a Magnum Painting Company, Inc. are bound to collective bargaining agreements requiring them to remit fringe benefit contributions and other sums to Plaintiff.

B.     Defendants have failed to remit to Plaintiff the fringe benefit contributions and other sums required by the collective bargaining agreement.

C.     Carlos M. Cruz is the owner or proprietor of Company, an unincorporated business, and thus, is personally liable for all amounts due to Plaintiff.

Consistent with these findings, it is **ORDERED**:

1.     Plaintiff's Motion is Granted.

192870-1

2.      Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and 29 U.S.C.

§1132(g)(2)(A) through (E), judgment is entered in favor of Plaintiff, International Painters and

Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"), and against Defendants,

jointly and severally, in the amount of $114,779.81, which consists of the following:

(a)      Unpaid contributions in the amount of $77,818.07 for the period April

2004 through March 2006;

(b)      Liquidated damages in the amount of $15,770.45;

(c)      Interest through January 31, 2008 in the amount of $15,770.45. The

contribution amount in Paragraph 2(a) shall continue to bear interest as provided in 29 U.S.C.

§1132(g)(2)(B) and 26 U.S.C. §6621, as from time to time amended, until the date of actual

payment.

(d)      $1,173.55 in audit costs for the audit conducted on March 15, 2006.

(e)      $4,247.29, representing the attorneys' fees and costs incurred in the

collection and enforcement of this action through January 28, 2008, in accordance with 29

U.S.C. §1132(g)(2)(D).

3.      If any such further action by the Plaintiff is required, it may apply to this Court or

to the court in which enforcement is sought, for such further reasonable attorneys' fees and costs

in addition to those set out in Paragraph 2(d) above. See, Trucking Employees of North Jersey

Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and

Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at

*3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal

Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

4.     If Defendants fail to comply with any of the terms of this Order, the Plaintiff may,

in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69,

reopen this case upon motion to the Court and notice to the Defendants, and may at that time ask

for further appropriate monetary and/or injunctive relief.

BY THE COURT

Date:_____          By: _____
                                             Royce C. Lamberth,          J.
                                             United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL PAINTERS AND ALLIED )
TRADES INDUSTRY PENSION FUND )
                                  )
                    Plaintiff,    )     CIVIL ACTION NO. 07-1534 (RCL)
       v.                         )
                                  )
CARLOS M. CRUZ, *et al.*          )
                    Defendants.   )

## DECLARATION OF THOMAS MONTEMORE

THOMAS MONTEMORE states and declares the following:

1.      My name is Thomas C. Montemore and I am the Assistant to the Fund

Administrator of the International Painters and Allied Trades Union and Industry Pension Fund

("Pension Fund", "Fund" or "Plaintiff"). I have held that position since February 1, 2000. I

served as Delinquency Controller from 1988 through October 31, 2000 and I have served as the

Delinquency Coordinator from 1986 to 1988, and before that, acted as Agreement Clerk from

1982 to 1986, and File Clerk beginning in 1979.

2.      The Pension Fund is an "employee benefit pension plan" as defined in Section

3(2)(A)(i) of ERISA, as amended, 29 U.S.C. §1002(A)(i), established by the International Union

of Painters and Allied Trades, AFL-CIO-CFL ("Union"), and employers in private industry

whose employees are members of or otherwise represented by the Union and its district councils

and local unions, for the purpose of providing retirement income to the employees. The Pension

Fund is administered in the District of Columbia from its and my principal place of business at

1750 New York Avenue, N.W., Washington, D.C. 20006.



3.      I have personal knowledge of the contents of the collective bargaining agreements, the Agreement and Declaration of Trust ("Trust Agreement") and the International Painters and Allied Trades Industry Pension Plan ("Plan") referenced in this Motion.

4.      The Pension Fund, as part of its normal operating procedure, maintain files containing copies of the collective bargaining agreements signed by each employer and copies of the remittance reports submitted by each contributing employer. The Pension Fund also maintains, as part of its normal operating procedures, a record of all contributions which are paid to the Pension Fund by each contributing employer, including copies of checks submitted directly from employers as payment for contributions due.

5.      Defendant, Magnum Painting Co. a/k/a Magnum Painting and Magnum Painting Co., Inc. a/k/a Magnum Painting Company, Inc. ("Company") is an unincorporated business. Carlos M. Cruz ("Individual Defendant" and together with Company, "Defendants") is the owner and proprietor of Company.

6.      Until April 2006, Defendants were employers that were party to or bound by collective bargaining agreements ("Labor Contracts") with the Union.  True and correct copies of relevant provisions of the Labor Contracts are attached as Exhibit 2. Under the terms of the Labor Contracts, Company is bound to the Trust Agreement and Plan. See, Exhibit 2, Labor Contract, Art. X.

7.      The Labor Contracts require Company to submit monthly contributions to the Pension Fund on behalf of all employees in the bargaining unit, and set forth the rate of contribution and the method for calculating the total amount of contributions due the Pension Fund. Contributions must be made for each hour for which employees receive pay at the contribution rate specified in the agreements. Failure to make the required contributions, or to

submit either incorrect or late remittance reports and contributions, results in a delinquency to the Pension Fund.

8.     The Pension Fund routinely audits employers to ensure all required contributions are being paid. In performing these audits, the auditor reviews the payroll records of each employee who performs work of the type covered by the collective bargaining agreement. These records will include time cards, payroll ledgers, payroll summaries, time slips, or such other payroll records as the employer maintains which will indicate the number of hours that each individual employee worked and was paid for each week. The information gathered from these records is then compared to the wage information found on the employer's federal, state and municipal tax returns and on the W-2 statements provided to the employees. The auditor also reviews disbursement ledgers and check registers to identify potential wage payments to employees not made through the payroll system. Job/project contracts are reviewed to determine whether the work performed is within the scope of the collective bargaining agreement. After compiling the information gathered from the above records, a schedule of the contributions that should have been paid according to the contract is prepared. This schedule, which is broken down by month, is then compared to the actual contributions which the employer did submit to the Pension Fund, with any differences noted. Once completed, an audit report is forwarded to the employer for its review and payment.

9.     An audit of the Defendants books and records was completed on May 15, 2006. A true and correct copy of the audit report is attached as Exhibit 3. Based upon the audit, Defendants presently owe the Pension Fund contributions for the period April 2004 through March 2006 in the amount of at least $77,818.07.

192877-1

10.     Defendants owe interest through January 31, 2008 in the amount of $15,770.45 on the unpaid pension contributions. The interest has been calculated in accordance with the fluctuating IRS interest rate, as provided at section 10 of the Plan.

11.     Defendant owes audit costs in the amount of $1,173.55. ERISA and §10.12 of the Plan allow other legal or equitable relief as the Court deems appropriate. Article VI, § 6 of the Pension Fund's Agreement and Declaration of Trust provides that any employer found delinquent or in violation of the Rules and Regulations of the Pension Plan as a result of an audit may be required to pay the Funds the cost of the audit. Defendants owe $1,173.55 in audit costs for the audit completed May 15, 2006.

12.     Section 10 of the Plan parallels the ERISA statute, 29 U.S.C. § 1132(g)(2), and requires the assessment of liquidated damages against Defendants in an amount equal to the greater of the following: the amount of interest owed on the delinquent principal, or twenty percent (20%) of the delinquent principal. As noted above, the total interest owed through January 31, 2008 in the amount of $15,770.45. Twenty percent (20%) of Defendants' unpaid contributions and contributions paid past the due date total $15,613.52. Since the total amount of liquidated damages is greater than the interest amount, Defendants owe $15,770.45 in liquidated damages.

13.    I have executed this Declaration in support of Plaintiff's Motion for Default

Judgment against Defendants and request that this Court consider the same as proof in support of

the allegations contained in the Plaintiff's Complaint and other facts stated in this Declaration.


Pursuant to 28 U.S.C. §1746, I declare under
Penalty of perjury that the foregoing is true
and correct.

Executed on:  ___1/29/08___

THOMAS MONTEMORE

# *Agreement*

BETWEEN

DISTRICT COUNCIL NO. 711
INTERNATIONAL UNION OF
PAINTERS AND ALLIED TRADES
STATE OF NEW JERSEY



AND

GARDEN STATE COUNCIL
PAINTING AND DECORATING CONTRACTORS
OF AMERICA
THE NEW JERSEY GLASS AND METAL CONTRACTORS
ASSOCIATION
THE DRYWALL AND INTERIOR SYSTEMS CONTRACTORS
ASSOCIATION, INC. OF NJ

EFFECTIVE MAY 1, 2000 THRU APRIL 30, 2006

EXHIBIT
2

## TABLE OF CONTENTS

| Article | | Page |
|---|---|---|
| 1 | Recognition | 1 |
| 2 | Jurisdiction | 3 |
| 3 | Union Security | 7 |
| 4 | Administrative Dues | 7 |
| 5 | Exclusive Hiring Hall | 7 |
| 6 | Wages and Schedules | 10 |
| 7 | Hours & Overtime | 27 |
| 8 | Contractual Relations and Obligations | 28 |
| 9 | Working Conditions | 30 |
| 10 | Fringe Benefit Funds | 31 |
| 11 | Cooperation and Advancement Funds | 33 |
| 12 | Political Action Fund | 34 |
| 13 | Joint Board | 35 |
| 14 | Union Representatives and Shop Stewards | 35 |
| 16 | Preservation of Work Clause | 36 |
| 17 | Joint Trade Board | 37 |
| 18 | Successor Clause | 39 |
| 19 | General Savings Clause | 40 |
| 20 | Duration Clause | 40 |

use such tools, equipment or materials or to work under such conditions. Employees refusing to work with such tools, equipment or materials or under such working conditions shall not be discriminated against by the Employer. Any disagreement arising hereunder shall be submitted to the Joint Trade Board as provided by this Agreement. No Employee shall be discriminated against for his refusal to work with or use stilts, or machine type tools for which has has not received training. There shall be no restrictions on the use of materials, tools, equipment or other labor-saving devices or on production output by employees; provided however the employee has been qualified by District Council 711 JATC Fund to the use of the tools involved. Past practice and policy is and shall continue to be recognized, meaning mechanical and machine type tools will not be used without the express consent and permission of the Union which will not be open to dispute, except for trained or experienced employees of DISCA members.

9.4    The employer shall abide by the terms of the Safety Act of the State of New Jersey as well as those of the Federal OSHA.

## ARTICLE 10
## FRINGE BENEFIT FUNDS

10.1    The Employers and the Union have established an Education and Training Fund to be known as the District Council 711 Education and Training Fund. Effective May 1, 2000, each employer shall contribute to the Apprenticeship and Training fund the amounts indicated in 6.4.

10.2    The Agreement between the Employer(s) and Union parties to this Agreement regarding payments to the International Joint Painting, Decorating and Drywall Apprenticeship and Manpower Training Fund is as follows:

> (A)    Commencing with the first day of May, 2000, and for the duration of this Agreement and any renewals or extensions thereof, the Employer, as defined in the Agreement and Declaration of Trust executed by and between the International Union of Painters and Allied Trades and employer associations in the industry, agrees to make payments to the National Apprentice Fund for each employee covered by this Agreement, as follows:

> (B)    For each hour, or portion thereof, for which an employee receives pay, the employer shall make a contribution in the amount indicated in 6.4 to the above named Apprenticeship Fund.

31

(C) For the purpose of this Article, each hour paid for, including hours attributable to show-up time and other hours for which pay is received by the employee shall be counted as wages for which contributions are payable.

(D) Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by this Agreement. This includes, but is not limited to, apprentices, journeymen, and probationary employees.

(E) The payments to the Training Fund required above shall be made to the National Training Fund which was established under an Agreement and Declaration of Trust, dated April 1, 1967. The Employer hereby agrees to be bound by and to the said Agreement and Declaration of Trust, as though he had actually signed the same.

10.3   International Union of Painters and Allied Trades Union and Industry Pension Fund.

The only agreement between the employer(s) and the Union parties to this Agreement regarding pensions or retirement for employees covered by this Agreement is as follows:

1.  (A) Commencing with the first day of May, 2000, and for the duration of the Agreement, and nay renewals or extension thereof, the employer agrees to make payments to the IUPAT Union and Industry Pension Fund for each employee covered by this Agreement, as follows:

   (B) For each hour or portion thereof for which an employee receives pay, the employer shall make a contribution of in the amount indicated in the 6.4 charts to the above named pension fund; allocations to the IUPAT Union and Industry Pension Plan and to the IUPAT Union and Industry Annuity Plan shall be as indicated in said charts.

   (C) For the purpose of this Article, each hour paid for, including hours attributable to show-up time, and other hours for which pay is received by the employee in accordance with the Agreement, shall be counted as hours for which contributions are payable.

   (D) Contributions shall be paid on behalf of any employee starting

32

with the employee's first day of employment in a job classification covered by this Agreement. This includes, but is not limited to, apprentices, helpers, trainees, and probationary employees.

(E)  The payments to the Pension Fund required above shall be made to the IUPAT Union and Industry Pension Fund, which was established under an Agreement and Declaration of Trust, dated April 1, 1967. The employer hereby agrees to be bound by and to the said Agreement and Declaration of Trust, as amended from time to time, as though he had actually signed the same.

2.  The employer hereby irrevocably designates as its representatives on the Board of Trustees such trustees as are now serving, or who will in the future serve, as employer trustees, together with their successors. The employer further agrees to be bound by all actions taken by the trustees pursuant to the said Agreement Declaration of Trust, as amended from time to time.

   The employer will not engage in any litigation against the Union, on a subrogation theory, contribution theory or otherwise, so as to obtain a money judgement from it in connection with any work related disease, sickness, death, injury, or accident.

10.4   Health and Welfare Fund - By Agreement and Declaration of trust dated june 1, 1990, the Association and Union Established the Painters District Council 711 Health and Welfare Fund.

(A)  Employer contributions shall be in the amounts indicated in 6.4 charts.

## ARTICLE 11
## COOPERATION AND ADVANCEMENT FUNDS

11.1   Labor Management Cooperation Funds:

1.  Commencing as of the effective date of this Agreement, and for the duration of this Agreement, and any renewals or extensions thereof, the employer agrees to make payments to The Painters and Allied Trades Labor-Management Cooperation Fund for each employee covered by this Agreement, as follows:

(A)  For each hour of portion thereof, for which an employee receives pay, the Employer shall make a contribution of the amount indicated in 6.4 to the Fund.

33

20.2  This Agreement shall be in full force and effect until and including April 30, 2006, and shall continue from year to year thereafter unless written notice of desire to cancel or terminate the Agreement is served by either party upon the other not less than sixty (60) and not more than ninety (90) days prior to April 30th, of any subsequent contract year.

20.3  Where no such cancellation of termination is served and the parties desire to continue said Agreement, but also desire to negotiate changes or revisions in this Agreement, either party may serve upon the other a written notice not less than sixty (60) and not more than ninety (90) days prior to April 30, 2006 of any subsequent contract year, advising that such party desires to revise or change terms or conditions of such Agreement. The respective parties shall be permitted all legal or economic recourse to support their requests for revisions if the parties fail to agree thereon. Nothing herein shall preclude the parties from making revisions or changes in this Agreement, by mutual consent, at any time during its term.

IN WITNESS WHEREOF the parties hereto have set their hands and seals, this 16th day of November, 1999, to be effective as of 11/16/99, except as to those provisions where it has been otherwise agreed between the parties.

PAINTERS D.C. #711, IUPAT        GARDEN STATE COUNCIL, PDCA

NEW JERSEY GLASS & METAL
CONTRACTOR ASSOCIATION

DRYWALL AND INTERIOR SYSTEMS
CONTRACTORS ASS'N., INC. OF NJ

EXECUTIVE DIRECTOR

DC711

THE PARTIES HERETO ARE DESIROUS OF ENTERING INTO AN AGREEMENT TO SET FORTH CONTROL AND REGULATE THE WAGES, HOURS, FRINGE BENEFITS, TERMS AND CONDITIONS OF EMPLOY- MENT UNDER WHICH THE EMPLOYERS WILL EMPLOY PAINTERS, TAPERS, GLAZIERS AND ALLIED TRADES. EFFECTIVE MAY 1, 2000 THROUGH APRIL 30, 2006.

AT THE COMMENCEMENT OF EACH CONTRACT YEAR OR UPON BEGINNING OF WORK WITHIN THE TERRITORY DURING EACH CON- TRACT YEAR, EACH EMPLOYER SHALL PAY THE JOINT TRADE BOARD THE SUM OF FIFTY DOLLARS ($50.00) (SEE ARTICLE 17.9).

BUSINESS NAME _MAGNUM PAINTING CO INC._

BUSINESS ADDRESS _7 ESTHER ST, NEWARK, NJ 07105_

PHONE # _973-522 1001_    FAX # _973-522 1022_

FEDERAL ID # _22-3623500_

WORKMEN COMPENSATION INS. CO. _Liberty Mutual Group_

UNEMPLOYMENT COMPENSATION _____

TEMPORARY DISABILITY BENEFITS INS. _____

SIGNED THIS _April 24_ DAY OF _____ 20 _04_

EMPLOYERS SIGNATURE & POSITION _____ _PRESIDENT_
CARLOS CRUZ.

FOR THE UNION _____
PATRICK J. BRENNAN, BUSINESS MANAGER OF DISTRICT COUNCIL 711

DISTRICT COUNCIL 711
INTERNATIONAL UNION OF
PAINTERS AND ALLIED TRADES
STATE OF NEW JERSEY

UNION COPY

37

CBA
PT.INTR. 29168

**MAGNUM PAINTING CO.**
**7 ESTHER STREET**
**NEWARK, NJ  07105**
**PH:  973-522-1001**

**LOCAL:       DC 711**

**DATE OF REVIEW:        05/15/06**

**PERIOD REVIEWED:  04/01/04 – 03/31/06**

**CONTACT:  CARLOS CRUZ**

**ROBERT E. MOORE, CPA**

ccpy


EXHIBIT
3

# MOORE, RENNER & SIMON

CERTIFIED PUBLIC ACCOUNTANTS
3636 NORTH BELT WEST
BELLEVILLE, ILLINOIS 62226

ROBERT E. MOORE, CPA
JEFFREY T. RENNER, CPA*
SCOTT L. SIMONIN, CPA
........................
PAUL G. VOLLMER, CPA

*ILLINOIS AND MISSOURI

July 21, 2006

**Independent Accountant's Report
On Applying Agreed-Upon Procedures**

IUPAT & Industry Pension Fund
1750 New York Ave., N.W.
Washington, DC  20006

We have applied certain procedures, as discussed below, to the payroll of **Magnum Painting, Co.** a contributing employer to the IUPAT & Industry Pension Fund for the period April 1, 2004 to March 31, 2006. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreements in effect and with the Trust Agreements of the Funds. The propriety of the contributions is the responsibility of the employer's management. This agreed upon procedures engagement was performed in accordance with attestation standards established by the American Institute of Certified Public Accountants.  The sufficiency of the procedures is solely the responsibility of the specified users of the report.  Consequently, we make no representation regarding the sufficiency of the procedures described below either for the purpose for which this report has been requested or for any other purpose.

Our procedures generally include a review of the pertinent provision of the collective bargaining agreements and comparing underlying employer payroll records to Fund contribution records.  The employer records we review may include payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records.  The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds.  Any compensation paid to employees not disclosed to us or made part of the written record is not determinable by us and is not included in our review.

We were not engaged to, and did not, conduct and examination, the objective of which would be the expression of an opinion on the payroll hours data submitted.  Accordingly, we do not express such an opinion.  Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

Exceptions to employer contributions noted are detailed on the accompanying schedule.

This report is intended solely for the use of the specified users listed above and should not be used by those who have not agreed to the procedures or taken responsibility for the sufficiency of the procedures for their purposes.

Very truly yours,

**MOORE, RENNER & SIMONIN, P.C.**

By: *Robert Renner CPA*

MAGNUM PAINTING COMPANY
NOTES TO REPORT

1.  Our review was conducted at the employer's office. Available records included payroll earnings records, payroll tax returns, W-2's, 1099's and cash disbursement records.

2.  Amounts paid the Fund -- Review period          $14,999.24

    Summary of amounts due the Fund.

|  | Pension | Annuity | FTI | PAT | LMCI | Total |
|---|---|---|---|---|---|---|
| Total deficiencies | $43,608.88 | $32,946.18 | $  555.63 | $  151.75 | $555.63 | $77,818.07 |
| Interest | 3,901.47 | 2,177.09 | 39.73 | 15.50 | 39.73 | 6,173.52 |
| Cost of review | 1,155.12 | | 8.10 | 2.23 | 8.10 | 1,173.55 |
| Total | $48,665.47 | $35,123.27 | $  603.46 | $  169.48 | $603.46 | $85,165.44 |

3.  The employer does residential painting as well as commercial painting, and has not reported those hours. They have been included at the DC 711 rate C.

4.  Interest in the amount of $6,173.52 has been computed from the due date of the report where each deficiency was noted through 7/17/06 as follows:

    | | |
    |---|---|
    | 06/1/04 – 6/30/04 | 5% |
    | 07/1/04 – 9/30/04 | 4% |
    | 10/1/04 – 3/31/05 | 5% |
    | 04/1/05 – 9/30/05 | 6% |
    | 10/1/05 – 7/17/06 | 7% |

MAGNUM PTG
2004 HOURS WORKED DC711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Izarias | | | | | 131 | 137 | 18 | 96 | 72 | | | | |
| 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 | M. Presisbiski | | | | | 115 | 87 | 171 | 56 | | | | | |
| 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 | G. Almeida | | | | | | | 18 | 27 | | | | | |
| | TOTAL | 0 | 0 | 0 | 0 | 246 | 224 | 207 | 179 | 72 | 0 | 0 | 0 | |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 5/04 | 2.50 | $0.00 | $0.00 | $0.00 | $0.00 | $615.00 | $560.00 | $617.50 | $447.50 | $180.00 | $0.00 | $0.00 | $0.00 | $2,320.00 |
| Apprentice | 5/04 | 0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $12.30 | $11.20 | $10.35 | $8.95 | $3.60 | $0.00 | $0.00 | $0.00 | $46.40 |
| Industry Advancement | 5/04 | 0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $12.30 | $11.20 | $10.35 | $8.95 | $3.60 | $0.00 | $0.00 | $0.00 | $46.40 |
| | | TOTAL | $0.00 | $0.00 | $0.00 | $0.00 | $639.60 | $582.40 | $638.20 | $465.40 | $187.20 | $0.00 | $0.00 | $0.00 | $2,412.80 |

TOTALS DUE

| | |
|---|---|
| Due to Pension | $2,320.00 |
| Due to Apprentice | $46.40 |
| Due to Industry Advan. | $46.40 |
| | $2,412.80 |

**MAGNUM PTG**
**2004 HOURS WORKED DC711**

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Izarias | | | | | | | | | | | | | |
| 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 | M. Presbilaski | | | | | 5,502.00 | 5,754.00 | 7,182.00 | 2,880.00 | 2,160.00 | | | | 5,580.00 |
| 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 | G. Almolda | | | | | 3,450.00 | 2,610.00 | 540.00 | 2,352.00 | | | | | 20,780.00 |
| | | | | | | | | | 810.00 | | | | | 7,440.00 |
| TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 8,952.00 | 8,364.00 | 8,262.00 | 6,042.00 | 2,160.00 | 0.00 | 0.00 | 0.00 | 33,780.00 |

**DOLLAR AMOUNTS DUE**

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Annuity | 5/04 | 0.11 | $0.00 | $0.00 | $0.00 | $0.00 | $984.72 | $920.04 | $908.82 | $664.62 | $237.60 | $0.00 | $0.00 | $0.00 | $3,715.80 |
| TOTAL | | | $0.00 | $0.00 | $0.00 | $0.00 | $984.72 | $920.04 | $908.82 | $664.62 | $237.60 | $0.00 | $0.00 | $0.00 | $3,715.80 |

**TOTALS DUE**

Due to Annuity    $3,715.80

$3,715.80

MAGNUM PTG
2004 HOURS WORKED DC711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | A. Guimaraes | | | | | 139 | 146 | 183 | | -58 | 36 | 79 | 28 | |
| 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 | G. Guimaraes | | | | | 132 | 137 | 171 | 54 | 10 | 36 | 66 | | |
| 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 | I. Michelen | | | | | | | | | | | | | |
| TOTAL | | 0 | 0 | 0 | 0 | 271 | 283 | 354 | -48 | 72 | 145 | 28 | |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 5/04 | 4.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,084.00 | $1,132.00 | $1,416.00 | $216.00 | ($184.00) | $288.00 | $580.00 | $112.00 | $4,644.00 |
| Apprentice | 5/04 | 0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $13.55 | $14.15 | $17.70 | $2.70 | ($2.30) | $3.60 | $7.25 | $1.40 | $58.05 |
| Industry Advancement | 5/04 | 0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $13.55 | $14.15 | $17.70 | $2.70 | ($2.30) | $3.00 | $7.25 | $1.40 | $58.05 |
| TOTAL | | | $0.00 | $0.00 | $0.00 | $0.00 | $1,111.10 | $1,160.30 | $1,451.40 | $221.40 | ($188.60) | $285.20 | $594.50 | $114.80 | $4,760.10 |

TOTALS DUE

| | |
|---|---|
| Due to Pension | $4,644.00 |
| Due to Apprentice | $58.05 |
| Due to Industry Adven. | $58.05 |
| | $4,760.10 |

## MAGNUM PTG
### 2004 HOURS WORKED DC711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | A. Guimaraes | | | | | $4,170.00 | $4,380.00 | $5,580.00 | | -$1,878.80 | $1,207.60 | $2,650.45 | $939.40 | $2,918.45 |
| 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 | G. Guimaraes | | | | | $5,544.00 | $5,754.00 | $7,182.00 | | | $1,207.60 | $2,214.30 | | $17,552.90 |
| 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 | I. Michelen | | | | | | | $2,448.15 | | $335.50 | | | | $21,264.45 |
| | | | | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | | | | $0.00 |
| | TOTAL | $0.00 | $0.00 | $0.00 | $0.00 | $9,714.00 | $10,134.00 | $12,762.00 | $2,448.15 | -$1,543.30 | $2,415.60 | $4,864.75 | $939.40 | $41,735.80 |

### DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Annuity | 5/04 | 0.11 | $0.00 | $0.00 | $0.00 | $0.00 | $1,068.54 | $1,114.74 | $1,403.82 | $269.41 | ($168.76) | $265.72 | $535.12 | $103.33 | $4,590.92 |
| TOTAL | | | $0.00 | $0.00 | $0.00 | $0.00 | $1,068.54 | $1,114.74 | $1,403.82 | $269.41 | ($169.76) | $265.72 | $535.12 | $103.33 | $4,590.92 |

**TOTALS DUE**  $4,590.92

**Due to Annuity**  $4,590.92

**MAGNUM PTG**
**2005 HOURS WORKED DC711**

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | A. Geanderson | | | | | | | | | -118 | | | | -118 |
| 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 | C. Batista | | | | | | | | | 118 | | | | 118 |
| 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 | A. Guimaraes | | | | | | | | | | 138 | 100 | 80 | 318 |
| 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 | G. Guimaraes | | | 38 | 38 | | | | | | 128 | 91 | 60 | 355 |
| 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 | V. Oniski | | | | | | | | 40 | | | 62 | 80 | 182 |
| 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 | M. Rodrigues | | | | | | | 139 | | | 68.5 | 46.5 | 18.5 | 272.5 |
| 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 | M. Rodrigues | | | | | | | 141 | 80 | 114 | 70 | 77 | 50 | 532 |
| 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 | L. Schoor | | | | | 13 | | 141 | 80 | 70 | 148 | 101 | 64 | 617 |
| 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 | A. Guimaraes | | | | 40 | | 74 | | | | 111.5 | 106 | 80 | 411.5 |
| | Payments to subcontractors | | | | | | | | | | | | | |
| | D&R Painting | | | | | | | | | | | 152 | 1571 | 1723 |
| | **TOTAL** | 0 | 0 | 38 | 78 | 13 | 74 | 280 | 200 | 184 | 671 | 735.5 | 2003.5 | 4527 |

**DOLLAR AMOUNTS DUE**

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 5/04 | 4.00 | | | $0.00 | $0.00 | $152.00 | $312.00 | $52.00 | $296.00 | $1,120.00 | $800.00 | $736.00 | $2,684.00 | $2,942.00 | $6,014.00 | $17,108.00 |
| Apprentices | 5/04 | 0.05 | | | $0.00 | $0.00 | $1.90 | $3.90 | $0.65 | $3.70 | $14.00 | $10.00 | $9.20 | $33.55 | $36.78 | $100.18 | $213.85 |
| Industry Advancement | 5/04 | 0.05 | | | $0.00 | $0.00 | $1.90 | $3.90 | $0.65 | $3.70 | $14.00 | $10.00 | $9.20 | $33.55 | $36.78 | $100.18 | $213.85 |
| **TOTAL** | | | | | $0.00 | $0.00 | $155.80 | $319.80 | $53.30 | $303.40 | $1,148.00 | $820.00 | $754.40 | $2,751.10 | $3,015.55 | $8,214.35 | $17,535.70 |

**TOTALS DUE**

| | |
|---|---|
| Due to Pension | $17,108.00 |
| Due to Apprentice | $213.85 |
| Due to Industry Advanc. | $213.85 |
| | $17,535.70 |

MAGNUM PTG
2005 HOURS WORKED DC711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | A. Geanderson | | | | | | | | | -4,130.00 | | | | -4,130.00 |
| 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 | C. Balista | | | | | | | | | 4,704.60 | 3,430.00 | 3,500.00 | 2,600.00 | 14,434.60 |
| 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 | A. Guimaraes | | | | | | | | | | 4,410.00 | 3,185.00 | 2,100.00 | 9,695.00 |
| 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 | G. Guimaraes | | | 1,274.90 | 1,274.90 | | | | 1,400.00 | | | 2,080.10 | 2,684.00 | 8,713.90 |
| 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 | V. Onishi | | | | | | | | | | 2,397.50 | 1,827.50 | 647.50 | 4,872.50 |
| 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 | M. Rodrigues | | | | | | | 4,327.95 | 2,684.00 | 2,684.00 | 2,689.95 | 2,621.85 | 1,702.50 | 16,710.25 |
| 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 | M. Rodrigues | | | | | | | 4,728.55 | 2,688.00 | 3,819.70 | 5,639.40 | 3,473.10 | 2,178.20 | 25,046.80 |
| 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 | L. Schouer | | | | | 436.15 | 2,462.70 | | | | 3,902.50 | 3,710.00 | 2,800.00 | 10,412.20 |
| 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 | A. Guimaraes | | | | 1,342.00 | | | | | | | | | 1,342.00 |
| | Payments to subcontractors | | | | | | | | | | | 5,325.00 | 55,000.00 | 60,325.00 |
| | D&R Painting | | | | | | | | | | | | | |
| | **TOTAL** | 0.00 | 0.00 | 1,274.90 | 2,616.90 | 436.15 | 2,462.70 | 9,056.50 | 8,772.00 | 7,078.50 | 22,869.35 | 25,522.55 | 69,913.20 | 147,822.70 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Annuity | 504 | 0.11 | $0.00 | $0.00 | $140.24 | $287.86 | $52.34 | $297.92 | $1,086.78 | $812.64 | $849.42 | $2,720.32 | $3,082.71 | $8,389.58 | $17,699.81 |
| | **TOTAL** | | $0.00 | $0.00 | $140.24 | $287.86 | $52.34 | $297.92 | $1,086.78 | $812.64 | $849.42 | $2,720.32 | $3,082.71 | $8,389.58 | $17,699.81 |

| DATE | RATE |
|---|---|
| 505 | 0.12 |

TOTALS DUE

| | |
|---|---|
| Due to Annuity | $17,699.81 |
| | $17,699.81 |

MAGNUM PTG
2005 HOURS WORKED DC711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Izarias | | | 29 | 59 | | | 32 | 67 | | 104 | 53 | 32 | 416 |
| 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 | P. Prezolin | | | | 69 | 13 | 40 | 128 | 40 | | 80 | | | 330 |
| 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 | M. Scarpin | | | | | | | 88 | 40 | 196 | | | 24 | 284 |
| **TOTAL** | | 0 | 0 | 29 | 128 | 13 | 40 | 248 | 147 | 196 | 184 | 53 | 32 | |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 5/04 | 2.50 | 5/05 | 2.75 | $0.00 | $0.00 | $72.50 | $318.75 | $35.75 | $110.00 | $680.63 | $404.25 | $539.00 | $506.00 | $145.75 | $88.00 | $2,900.63 |
| Apprentice | 5/04 | 0.05 | 5/05 | 0.05 | $0.00 | $0.00 | $1.45 | $6.38 | $0.65 | $2.00 | $12.38 | $7.35 | $9.80 | $9.20 | $2.65 | $1.60 | $53.45 |
| Industry Advancement | 5/04 | 0.05 | 5/05 | 0.05 | $0.00 | $0.00 | $1.45 | $6.38 | $0.65 | $2.00 | $12.38 | $7.35 | $9.80 | $9.20 | $2.65 | $1.60 | $53.45 |
| **TOTAL** | | | | | $0.00 | $0.00 | $75.40 | $331.50 | $37.05 | $114.00 | $705.38 | $418.95 | $558.60 | $524.40 | $151.05 | $91.20 | $3,007.53 |

TOTALS DUE

| | |
|---|---|
| Due to Pension | $2,900.63 |
| Due to Apprentice | $53.45 |
| Due to Industry Advanc. | $53.45 |
| | $3,007.53 |

## MAGNUM PTG
### 2005 HOURS WORKED DC711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Izaras | | | 870.00 | 1,644.20 | | 1,563.99 | 1,056.98 | 2,246.10 | | 3,521.40 | 1,804.65 | 1,089.60 | 13,789.xx |
| 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 | P. Prezolin | | | | 2,298.18 | 438.15 | | 4,310.40 | 1,342.00 | 2,888.00 | | | | 11,054.xx |
| 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 | M. Scanpin | | | | | | | 3,080.00 | 1,400.00 | 6,680.00 | | | | 11,340.xx |
| TOTAL | | 0.00 | 0.00 | 870.00 | 3,942.38 | 438.15 | 1,563.99 | 8,447.38 | 4,990.19 | 9,528.00 | 3,521.40 | 1,804.65 | 1,089.60 | 36,193.74 |

### DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Annuity | 5/04 | 0.11 | 5/05 | 0.12 | $0.00 | $0.00 | $95.70 | $433.66 | $52.34 | $187.68 | $1,013.69 | $598.82 | $1,143.36 | $422.57 | $216.56 | $130.75 | $4,295.xx |
| TOTAL | | | | | $0.00 | $0.00 | $95.70 | $433.66 | $52.34 | $187.68 | $1,013.69 | $598.82 | $1,143.36 | $422.57 | $216.56 | $130.75 | $4,295.xx |

### TOTALS DUE

| | |
|---|---|
| Due to Annuity | $4,295.13 |
| | $4,295.13 |

**MAGNUM PTG**
**2006 HOURS WORKED DC711**

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Izarius | 80 | | | | | | | | | | | | 80 |
| 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 | J. Pereira | | | 15 | | | | | | | | | | 15 |
| 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 | M. Scarpin | 40 | | | | | | | | | | | | 40 |
| | TOTAL | 120 | 0 | 15 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 135 |

**DOLLAR AMOUNTS DUE**

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 5/05 | 2.75 | $330.00 | $0.00 | $41.25 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $371.25 |
| Apprentice | 5/05 | 0.05 | $6.00 | $0.00 | $0.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6.75 |
| Industry Advancement | 5/05 | 0.05 | $6.00 | $0.00 | $0.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6.75 |
| | | TOTAL | $342.00 | $0.00 | $42.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $384.75 |

**TOTALS DUE**

| | |
|---|---|
| Due to Pension | $371.25 |
| Due to Apprentice | $6.75 |
| Due to Industry Advanc. | $6.75 |
| | $384.75 |

MAGNUM PTG
2006 HOURS WORKED DC711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Izurdas | | | | | | | | | | | | | |
| 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 | J. Pereira | 2,724.00 | | | | | | | | | | | | 2,724.00 |
| 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 | M. Scarpin | 1,400.00 | | 510.75 | | | | | | | | | | 510.75 |
| | | | | | | | | | | | | | | 1,400.00 |
| | TOTAL | 4,124.00 | 0.00 | 510.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,634.75 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Annuity | 5/05 | 0.12 | $494.88 | $0.00 | $61.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $556.17 |
| TOTALS DUE | | | $494.88 | $0.00 | $61.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $556.17 |

Due to Annuity        $556.17

$556.17

**MAGNUM PTG**
**2008 HOURS WORKED  DC711**

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | C. Batista | 88 | | | | | | | | | | | | |
| 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 | G. Guimaraes | 67 | | | | | | | | | | | | |
| 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 | M. Rodrigues | 92 | | 76 | | | | | | | | | | |
| 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 | M. Rodrigues | 58 | | 51 | | | | | | | | | | |
| 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 | A. Guimaraes | | | 76 | | | | | | | | | | |
| TOTAL | | 305 | 0 | 203 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |

**DOLLAR AMOUNTS DUE**

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 5/04 | 4.00 | $1,218.00 | $0.00 | $812.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,030.00 |
| Apprentice | 5/04 | 0.05 | $15.23 | $0.00 | $10.15 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $25.38 |
| Industry Advancement | 5/04 | 0.05 | $15.23 | $0.00 | $10.15 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $25.38 |
| TOTAL | | | $1,248.45 | $0.00 | $832.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,080.75 |

**TOTALS DUE**

| | |
|---|---|
| Due to Pension | $2,030.00 |
| Due to Apprentice | $25.38 |
| Due to Industry Advanc. | $25.38 |
| | $2,080.75 |

**MAGNUM PTG**
**2006 HOURS WORKED DC711**

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|-----|------|------|------|-------|-------|-----|------|------|------|-------|------|------|------|-------------|
| 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 | C. Batista | 3,080.00 | | | | | | | | | | | | 3,080.00 |
| 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 | G. Guimaraes | 2,231.08 | | | | | | | | | | | | 2,231.08 |
| 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 | M. Rodrigues | 3,132.60 | | 2,587.80 | | | | | | | | | | 5,720.40 |
| 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 | M. Rodrigues | 1,974.90 | | 1,738.55 | | | | | | | | | | 3,713.45 |
| 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 | A. Guimaraes | | | 2,660.00 | | | | | | | | | | 2,660.00 |
| | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | 0.00 | 0.00 |
| | TOTAL | 10,418.58 | 0.00 | 6,884.35 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 17,402.93 |

**DOLLAR AMOUNTS DUE**

| FUND | DATE | RATE | | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|------|------|------|--|------|------|-------|-------|-----|------|------|------|-------|------|------|------|----------------|
| Annuity | 5/05 | 0.12 | RATE | $1,250.23 | $0.00 | $838.12 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,088.35 |
| | | | TOTAL | $1,250.23 | $0.00 | $838.12 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,088.35 |

**TOTALS DUE**

Due to Annuity     $2,088.35

$2,088.35

MAGNUM PTG
2004 HOURS WORKED LOCAL 806

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | P. Gunho | | | | | 173 | 137 | 111 | | | | | | |
| 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 | A. Dudlewicz | | | | | 19 | 131 | 62 | | | | | | |
| 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 | Z. Kozan | | | | | 62 | | | | | | | | |
| 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 | T. Silorski | | | | | 80 | 142 | 182 | 31 | | | | | 435 |
| 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 | S. Trizolho | | | | | 9 | 52 | 78 | | | | | | |
| 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 | D. Silorski | | | | | | | 43 | | | | | | |
| 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 | W. DaOliveira | | | | | | 100 | | 289 | 171 | 271 | | | |
| | TOTAL | 0 | 0 | 0 | 0 | 343 | 552 | 474 | 330 | 171 | 271 | 0 | 0 | 2,1?? |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 10/03 | 4.50 | 10/04 | 5.00 | | $0.00 | $0.00 | $0.00 | $0.00 | $1,543.50 | $2,529.00 | $2,133.00 | $1,485.00 | $769.50 | $1,355.00 | $0.00 | $0.00 | $9,815.00 |
| Apprentice | 10/03 | 0.05 | 10/04 | 0.05 | | $0.00 | $0.00 | $0.00 | $0.00 | $17.15 | $28.10 | $23.70 | $16.50 | $8.55 | $13.55 | $0.00 | $0.00 | $107.55 |
| PAT | 10/03 | 0.05 | 10/04 | 0.05 | | $0.00 | $0.00 | $0.00 | $0.00 | $17.15 | $28.10 | $23.70 | $16.50 | $8.55 | $13.55 | $0.00 | $0.00 | $107.55 |
| Industry Advancement | 10/03 | 0.05 | 10/04 | 0.05 | | $0.00 | $0.00 | $0.00 | $0.00 | $17.15 | $28.10 | $23.70 | $16.50 | $8.55 | $13.55 | $0.00 | $0.00 | $107.55 |
| | | | | | TOTAL | $0.00 | $0.00 | $0.00 | $0.00 | $1,594.95 | $2,613.30 | $2,204.10 | $1,534.50 | $795.15 | $1,395.65 | $0.00 | $0.00 | $10,137.65 |

TOTALS DUE

| | |
|---|---|
| Due to Pension | $9,815.00 |
| Due to Apprentice | $107.55 |
| Due to PAT | $107.55 |
| Due to Industry Advanc. | $107.55 |
| | $10,137.65 |

**MAGNUM PTG**
**2005 HOURS WORKED LOCAL 808**

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Calapreta | | 14 | 49 | 86 | 31 | | 35 | | | | | | |
| 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 | W. DaOliveira | | | | 56 | | | 143 | | | | | | |
| 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 | L. Prezybiski | | | | | | | 127 | | | | | 343 | |
| | **TOTAL** | 0 | 14 | 49 | 142 | 31 | 0 | 305 | 0 | 0 | 0 | 0 | 343 | 884 |

**DOLLAR AMOUNTS DUE**

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 10/04 | 5.00 | $0.00 | $70.00 | $245.00 | $710.00 | $155.00 | $0.00 | $1,525.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,715.00 | $4,420.00 |
| Apprentice | 10/04 | 0.05 | $0.00 | $0.70 | $2.45 | $7.10 | $1.55 | $0.00 | $15.25 | $0.00 | $0.00 | $0.00 | $0.00 | $17.15 | $44.20 |
| PAT | 10/04 | 0.05 | $0.00 | $0.70 | $2.45 | $7.10 | $1.55 | $0.00 | $15.25 | $0.00 | $0.00 | $0.00 | $0.00 | $17.15 | $44.20 |
| Industry Advancement | 10/04 | 0.05 | $0.00 | $0.70 | $2.45 | $7.10 | $1.55 | $0.00 | $15.25 | $0.00 | $0.00 | $0.00 | $0.00 | $17.15 | $44.20 |
| **TOTAL** | | | $0.00 | $72.10 | $252.35 | $731.30 | $169.65 | $0.00 | $1,570.75 | $0.00 | $0.00 | $0.00 | $0.00 | $1,766.45 | $4,552.60 |

**TOTALS DUE**

| | |
|---|---|
| Due to Pension | $4,420.00 |
| Due to Apprentice | $44.20 |
| Due to PAT | $44.20 |
| Due to Industry Advanc. | $44.20 |
| | **$4,552.60** |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL PAINTERS AND ALLIED )
TRADES INDUSTRY PENSION FUND )
                                  )
                    Plaintiff,    )    CIVIL ACTION NO. 07-1534 (RCL)
        v.                        )
                                  )
CARLOS M. CRUZ, *et al.*          )
                    Defendants.   )

## DECLARATION OF PHILIP A. LOZANO

Philip A. Lozano, Esquire declares and states, the following:

1.      I am an associate with the law firm of Jennings Sigmond and presently serve as

counsel to the International Painters and Allied Trades Industry Pension Fund ("Pension Fund")

in this case.  I am submitting this Declaration to document the attorneys' fees and costs which

the Pension Fund has incurred in this case through January 28, 2007.

Case Fees

2.      Attached as Exhibit 5 to Plaintiff's Motion for Entry of Judgment by Default, and

incorporated herein by reference, is a list showing all work performed by the office of Jennings

Sigmond, P.C. and related costs in connection with the preparation of the Complaint and the

Motion for Entry of Judgment by Default against Design Technologies *et al.* in this action

through January 28, 2007.  The listing was prepared from contemporaneous attorney time and

expenses records and bills, the originals of which are maintained in the regular business records

of Jennings Sigmond. Each piece of work is separately coded and the work performed is

described.  The fees and costs relevant to this case are $4,247.29.

3.      The identity of those performing services related to this matter and normal hourly

rates are as follows.

192870-1


EXHIBIT
4

| INITIALS | NAME | TITLE | HOURLY RATE |
|----------|------|-------|-------------|
| SMC | Shanna M. Cramer | Associate | $220.00 |
| PL | Philip A. Lozano | Associate | $220.00 |

4.     Plaintiffs only seek judgment for fees in the bills, which reflect a special fee schedule with the International Painters and Allied Trades Industry Pension Fund for a uniform $220.00 per hour rate for all lawyers and $70.00 per hour for paralegals and clerks.

Attorney Background and Experience

5.     Shanna M. Cramer. Shanna M. Cramer, an associate in the firm, has actively practiced law for five (5) years. She graduated in 1997 from Rutgers University, with honors, with a Bachelors Degree in History, Political Science and Spanish.  She received her law degree in 2001 from Rutgers Law School. Ms. Cramer graduated in 2004 from Beasley School of Law-Temple University, with an LL.M in Taxation. Ms. Cramer has been admitted to the Bars of Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania.

6.     Philip A. Lozano.  Philip A. Lozano, an associate in the firm, received his undergraduate degree from Franciscan University in 1996 and his law degree from the Beasley School of Law, Temple University in 2006.  Prior to practicing law, he worked for three (3) years as a pension analyst for the IBM Corporation and five (5) years as a pension consultant for Mercer Human Resources Consulting and Duane Morris LLP.  Mr. Lozano has been admitted to the Pennsylvania Bar and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania.

Legal Market Benchmark

7.    The time and fees charged in this case are reasonable based on prevailing market rates for similar services by lawyers of reasonably comparable skill, experience and reputation in both the Philadelphia and District of Columbia markets.

8.    My opinion that the time and fees are reasonable is based on a number of factors, including the following.

(a)    We serve as counsel or co-counsel to over 20 multiemployer employee benefit funds groups. The firm currently has 16 lawyers, with a dedicated benefits department of eight (8) lawyers plus part-time work by three (3) other lawyers in the labor practice. The work is specialized and our competition often is large corporate firms with both employee benefits and federal litigation experience. In my experience, our fees are normally substantially lower than the charges of larger firms.

(b)    The flat rate is this case is consistent with market rates in published surveys by Altman Weil, a leading law firm consultant. A true and correct copy of the Altman Weil data is attached as Exhibit 6. Specifically, Altman Weil found a median hourly rate in 2005 of $195 for associates in the Middle Atlantic region (encompassing both Philadelphia and the District of Columbia) and a range up to $273 per hour at the 90th percentile. See Associate Hourly Billing Rates (March 10, 2006), reprinted from http://www.altmanweil.com/PracticeSpecialtiesRates/. The median rate for partners (shareholders) in employee benefits litigation was $305 per hour, *id.*, Practice Specialties and Hourly Rates (October 1, 2005), A $200 rate in 2006 is only a 2.56% increase over the 2005 median for associates only.

(c)    The fees are consistent with market ranges in a 2004 Ohio bar association survey, downloads.ohiobar.org/conventions/convention2005/session508%20Economics%20of%20Law.

pdf, especially pages 26 and exhibit 27, especially after giving weight to increases from 2004 to 2006 (roughly 5% per year on average in the Ohio survey) and regional differences reflected in Altman Weil data, showing an 8.33% higher rate in median associates' rates in the Middle Atlantic region ($195) over the East North Central region covering Ohio ($180)).  A true and correct copy of the 2004 Ohio bar association survey is attached as Exhibit 7.  The Ohio survey showed median hourly associate rates in the comparable downtown Cleveland, Cincinnati and Columbus areas of $200 - $235 per hour, ranging up to $ $334 - $359 at the 90th percentile.  See, Exhibit 7 (excerpt page 26).  It also shows that a $70 per hour paralegal rate is less than the median rate for 5 years experience in Ohio, without adjustment for regional differences, Exhibit 7 (Ex. 27).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Signed on: _1/28/07_

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

PHILIP A. LOZANO, ESQUIRE
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0669
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07-1534 (RCL) |
| v. | ) ) | |
| CARLOS M. CRUZ, *et al.* | ) ) | |
| Defendants. | ) | |

### ATTORNEYS' FEES AND COSTS

| Date | Attorney | Task | Time (hrs) |
|---|---|---|---|
| 01/03/08 | PL | Review of Affidavits of Non-Service/Service; Supervision of Filing of same; Memo to file re: same | .5 |
| 01/07/08 | PL | Preparation of Notice of Appearance and Notice of Filing Return of Service; Supervision of Electronic Filing of same | .6 |
| 01/08/08 | PL | Supervision of Filing of Affidavits of Service Preparation of Notice re: same Preparation of Motion for Default Judgment | 1.6 |
| 01/14/08 | PL | Review of Electronic Court Filing Notices (x4) | .2 |
| 01/23/08 | PL | Preparation of Documents related to Motion for Default Judgment | 2.5 |
| 01/28/08 | PL | Preparation of Documents related to Motion for Default Judgment | 4.2 |

PL- 9.6 Hours @ $220.00/Hour     =     $2,112.00

**January 2008 Total**     =     **$ 2,112.00**
**August 2007 through December 2007**     =     **$ 2,135.29**

**GRAND TOTAL FEES AND COSTS**     =     **$ 4,247.29**

192870-1

EXHIBIT
5

Report ID:  OT2025 - 15530
Monday, January 28, 2008

# Jennings Sigmond, P.C.
## Time And Expense Details

Printed By  MHT
Page  1

Beginning To End

| Client | Client Reporting Name | Matter | Matter Reporting Name | Billing Timekeeper |
|---|---|---|---|---|
| OT/INTF | IUPAT Industry Pension Fund | 29168 | Magnum Painting Co., Inc. | Sigmond, Richard B. |

## Unbilled Expenses

| Date | Amount | Exp Code | Narrative |
|---|---|---|---|
| 1/3/2008 | $559.20 | 7100 | Service Complaints |
| **Totals** | **$559.20** | | |

## Billed Time

| Date | Timekeeper | Hours Worked | Hours On Bill | Rate | Amount | Task | Activity | Narrative |
|---|---|---|---|---|---|---|---|---|
| 8/7/2007 | PL | 0.70 | 0.70 | 220.00 | $154.00 | | | Review of File |
| 8/10/2007 | PL | 1.50 | 1.50 | 220.00 | $330.00 | | | Office Conference Regarding Filing of Complaint |
| 8/13/2007 | PL | 0.60 | 0.60 | 220.00 | $132.00 | | | Preparation of Complaint |
| 8/14/2007 | SMC | 0.20 | 0.20 | 220.00 | $44.00 | | | Preparation of Complaint |
| 8/15/2007 | SMC | 0.60 | 0.60 | 220.00 | $132.00 | | | Review and Revision of Complaint |
| 10/3/2007 | PL | 0.50 | 0.50 | 220.00 | $110.00 | | | Review and Revision of Complaint |
| 10/4/2007 | PL | 0.20 | 0.20 | 220.00 | $44.00 | | | Correspondence Exchange with Legal Errands Regarding Service Phone Conference with T. Montemore and P. Gilbert Regarding Same |
| 10/22/2007 | PL | 0.20 | 0.20 | 220.00 | $44.00 | | | Correspondence Exchange with Process Server Regarding Service |
| 11/5/2007 | PL | 0.30 | 0.30 | 220.00 | $66.00 | | | Correspondence Exchange with P. Gilbert and Legal Errands Regarding Service |
| 12/12/2007 | PL | 0.10 | 0.10 | 220.00 | $22.00 | | | Review of Correspondence from Fund regarding Delinquency Preparation of Correspondence to Legal Errands regarding Status of Service |
| **Billed Time Totals** | | **4.90** | **4.90** | | **$1,078.00** | | | |

## Billed Expenses

| Date | Amount | Exp Code | Narrative |
|---|---|---|---|
| 8/23/2007 | $350.00 | 7100 | Filing Fee - Complaint |
| 8/30/2007 | $30.38 | COPY | Photocopies |
| 9/1/2007 | $66.15 | CRDB | Computer Research - Dun & Bradstreet |
| 9/1/2007 | $18.03 | PO | Postage Charges |
| 9/1/2007 | $13.53 | SD | Special Delivery |
| **Billed Expenses Totals** | **$498.09** | | |

Report ID:   OT2025 - 15530
Monday, January 28, 2008

# Jennings Sigmond, P.C.
## Time And Expense Details

Beginning To End

| | Hours Worked | Hours To Bill | Fee Amount | Expense Amount | Total Amount |
|---|---|---|---|---|---|
| Report Totals | 4.90 | 4.90 | $1,078.00 | $1,057.29 | $2,135.29 |

*** End Of Report ***

# Associate Hourly Billing Rates by Region



Source: Altman Weil Survey of Law Firm Economics
2005 Edition

See following page for states included in each region.



EXHIBIT
b

# Census Regions and Divisions of the United States

# Median Hourly Billing Rates
## Litigation Specialties

## Top Five Hourly Rates
## Equity and Non-Equity Partners



| Specialty | Rate |
|-----------|------|
| Antitrust | $380 |
| IP | $330 |
| Tax | $325 |
| Employee Benefits | $305 |
| Criminal | $305 |

Source: Altman Weil Survey of Law Firm Economics
2005 Edition



# THE 2004 ECONOMICS OF LAW PRACTICE IN OHIO SURVEY

## Introduction

During the spring of 2004, the Ohio State Bar Association, Section on Solo, Small Firms and General Practice (OSBA) surveyed the Ohio legal community on the economics of law practice. Two online surveys were utilized, replacing the single mail-based survey instrument provided in past years.

With respect to the economics of law practice, similar studies were undertaken in 2001, 1998, 1994 and 1990. The objectives of these studies were to determine, among other things:

- current demographics of practicing attorneys;

- attorney net income by practice category, gender, field of law, office location, work status, years in practice and firm size;

- associate, legal assistant, and secretary compensation by years of experience and office location;

- prevailing average hourly billing rates for attorneys by a variety of indicators, and rates for legal assistants by years of experience, firm size and office location;

- attorney time allocated to billable and non-billable professional activities; and

- overhead expenses associated with maintaining a private practice by office location and firm size.

Attorneys can compare themselves and their firms against "norms" established by the aggregation of survey data. Time series information is also provided to denote trends. Norms include statistics that are organized by combinations of office location, firm size, gender, work status (full-time vs. part-time), practice class, area of legal concentration and years of practice.

The above information has been consolidated into this reference to help guide attorneys as they plan and manage their professional lives.

For 2004, a survey dedicated to law office technology and marketing issues was also fielded at the same time as the economics survey. Findings from this survey are summarized as Current Issues on Law Office Technology and Marketing in Ohio, 2004 and are available at www.ohiobar.org

© 2004 Ohio State Bar Association. All rights reserved.

1

*Economics of Law Practice in Ohio • 9*



## IV.   BILLING RATES AND PRACTICES

### A.   Takeaways.

1.   The median hourly billing rate for all attorneys was *$175* for 2004 and *$110* for 1994. The average annual rate of increase in hourly billing rates during this time period was *5.9%*.

2.   Rates have increased the most in *suburban Cincinnati* (7.3% per year) and least in *suburban Columbus* (2.5%).

3.   Rates increased most for *partners in firms with 8+ partners* (5.9%) and least for *partners in firms with two to seven partners* (3.7%).

4.   *Rates increased the most for respondents in* firms with two to five attorneys (6.05%) and least for respondents in *firms with more than 20 attorneys* (4.2%).

5.   Rates increased the most for *estate planning attorneys* (9.5%) and *tax attorneys* (7.6%) and least for *bankruptcy* (2%) and *municipal/public entity* attorneys (- 1%).

6.   Fifty-six percent of respondents had *not changed* their rates in one year or more.

7.   When rates are raised, the prevalent increase is *6-10%* (41% of respondents).

8.   *Uncollectibles* (greater than 2% of fees billed) are increasing. The prevalent range is *3-8% of fees billed* (33% in 2004 and 30% in 2000).

9.   Attorneys are *increasingly adding service charges* to delinquent accounts where applicable (30% in 2004 compared with 20% in 1990).

### B.   Implications.

1.   There is still pricing power for legal services despite intense competition and an ever growing supply of attorneys.

2.   Existing and new practice management benchmarks should be available, especially for solos and small firm practicing attorneys, to enable relative standing self assessments.

## V.   ATTORNEY TIME ALLOCATIONS

### A.   Takeaways.

1.   The median value for *total hours* worked in 2004 rose to *50* from *48* in 1990 (2500 hours per year on a 50-week year).

**Law Firm Billing Rates and Billing Practices**

## 2004 Attorney Hourly Billing Rates

The reported 2004 median hourly billing rate is $200. The average is $206. While several interacting factors affect the setting and application of hourly billing rates, Exhibit 21 includes three discrete factors: respondents' firm size, years in practice and office location, while Exhibit 22 identifies respondents' primary source of income, and practice category.

**Exhibit 21    2004 HOURLY BILLING RATES BY FIRM SIZE, YEARS IN PRACTICE AND OFFICE LOCATION**

| | | | Value by Percentile | | |
|---|---|---|---|---|---|
| Size of Firm | N | Mean | 25th | Median | 75th | 95th |
| 1 | 196 | $155 | $125 | $150 | $175 | $225 |
| 2 | 55 | 164 | 125 | 150 | 185 | 250 |
| 3-6 | 77 | 176 | 150 | 175 | 200 | 256 |
| 7-10 | 40 | 196 | 150 | 180 | 244 | 300 |
| 11-20 | 39 | 189 | 155 | 195 | 225 | 275 |
| 21-50 | 49 | 206 | 163 | 200 | 238 | 320 |
| 51+ | 72 | 249 | 186 | 240 | 300 | 377 |
| **Yrs. in Practice** | | | | | | |
| 5 or less | 70 | $147 | $125 | $143 | $175 | $222 |
| 6-10 | 78 | 164 | 125 | 150 | 190 | 250 |
| 11-15 | 65 | 185 | 150 | 180 | 228 | 296 |
| 16-25 | 131 | 184 | 150 | 165 | 220 | 306 |
| More than 25 | 183 | 200 | 150 | 190 | 230 | 340 |
| **Office Location** | | | | | | |
| Greater Cleveland | 121 | $200 | $150 | $185 | $238 | $350 |
| Greater Cincinnati | 61 | 199 | 150 | 180 | 245 | 325 |
| Greater Columbus | 120 | 194 | 150 | 180 | 233 | 300 |
| Greater Dayton | 25 | 179 | 150 | 175 | 193 | 296 |
| Northeast Region | 98 | 165 | 125 | 163 | 196 | 250 |
| Northwest Region | 47 | 152 | 120 | 150 | 175 | 263 |
| Southern Region | 56 | 155 | 125 | 150 | 175 | 250 |
| | | | | | | |
| Downtown Cleveland | 61 | $237 | $183 | $235 | $283 | $359 |
| Suburban Cleveland | 60 | 161 | 150 | 150 | 189 | 220 |
| Downtown Cincinnati | 40 | 213 | 153 | 200 | 271 | 368 |
| Suburban Cincinnati | 21 | 173 | 145 | 175 | 183 | 249 |
| Downtown Columbus | 67 | 217 | 165 | 210 | 260 | 334 |
| Suburban Columbus | 53 | 164 | 145 | 150 | 200 | 243 |
| Dayton | 25 | 179 | 150 | 175 | 193 | 296 |
| Canton | 12 | 154 | 116 | 153 | 183 | 250 |
| Akron | 41 | 186 | 150 | 190 | 223 | 273 |
| Toledo | 26 | 170 | 144 | 168 | 186 | 285 |
| Youngstown | 9 | 146 | 113 | 150 | 178 | 200 |
| Northeast Ohio | 36 | 149 | 125 | 138 | 188 | 225 |
| Northwest Ohio | 21 | 129 | 100 | 125 | 150 | 180 |
| Southeast Ohio | 16 | 155 | 125 | 150 | 188 | 250 |
| Southwest Ohio | 25 | 146 | 125 | 150 | 170 | 207 |
| Central Ohio | 15 | 171 | 150 | 165 | 185 | 250 |
| **All Attorneys** | 530 | $182 | $150 | $175 | $210 | $300 |

Exhibit 22    2004 HOURLY BILLING RATES BY PRIMARY FIELD OF LAW AND PRACTICE CLASS

| Primary Field of Law | N | Mean | Value by Percentile | | |
|---|---|---|---|---|---|
| | | | 25th | Median | 75th | 95th |
| Administrative Law | 5 | $241 | $188 | $260 | $285 | $295 |
| Bankruptcy, Debtor | 18 | 135 | 115 | 150 | 168 | 190 |
| Collections | 10 | 146 | 119 | 135 | 164 | 250 |
| Corporate/Business Law | 48 | 201 | 150 | 183 | 225 | 340 |
| Criminal (Public Defendant) | 9 | 139 | 100 | 125 | 175 | 225 |
| Criminal (Private Defendant) | 12 | 154 | 125 | 150 | 173 | 250 |
| Domestic Relations/Family Law | 55 | 173 | 125 | 150 | 200 | 280 |
| Environmental Law/Natural Resources Law | 6 | 200 | 151 | 168 | 283 | 305 |
| General Practice | 14 | 136 | 118 | 132 | 161 | 185 |
| Health & Hospital Law | 6 | 203 | 148 | 195 | 263 | 300 |
| Intellectual Property | 10 | 216 | 174 | 223 | 250 | 300 |
| Labor Law (Management) | 6 | 185 | 150 | 168 | 236 | 255 |
| Employment Law (Management) | 25 | 187 | 138 | 175 | 238 | 324 |
| Employment Law (Labor) | 6 | 178 | 151 | 175 | 208 | 230 |
| Municipal/Public Entity Law | 8 | 164 | 111 | 138 | 225 | 305 |
| Product Liability | 5 | 226 | 138 | 205 | 325 | 425 |
| Personal Injury (Defendant) | 25 | 148 | 110 | 135 | 175 | 270 |
| Personal Injury (Plaintiff) | 43 | 179 | 150 | 160 | 200 | 300 |
| Professional Liability | 6 | 164 | 149 | 165 | 178 | 185 |
| Real Property Law | 26 | 164 | 125 | 150 | 195 | 315 |
| Taxation | 7 | 231 | 175 | 220 | 295 | 300 |
| Trial Practice, not PI (General Civil) | 20 | 190 | 140 | 177 | 200 | 415 |
| Trial Practice, not PI (Commercial) | 20 | 224 | 181 | 210 | 276 | 387 |
| Estate Planning/Wealth Management | 36 | 209 | 175 | 205 | 233 | 308 |
| Probate, Decedents' Estates | 49 | 176 | 150 | 175 | 200 | 250 |
| Workers' Compensation (Plaintiff) | 6 | 167 | 125 | 150 | 213 | 250 |
| Other | 23 | 200 | 150 | 190 | 250 | 358 |
| **Practice Classification** | | | | | | |
| Sole Practitioner | 168 | $153 | $125 | $150 | $175 | $225 |
| Solo with 1+ associates | 42 | 181 | 150 | 175 | 203 | 259 |
| Space Sharer | 21 | 160 | 125 | 150 | 175 | 275 |
| Partner in Firm with 2-7 Partners | 114 | 184 | 150 | 175 | 221 | 300 |
| Partner in Firm with 8+ Partners | 88 | 249 | 196 | 240 | 300 | 381 |
| Associate in Firm with 2-7 Partners | 31 | 156 | 125 | 150 | 175 | 264 |
| Associate in Firm with 8+ Partners | 56 | 180 | 150 | 175 | 210 | 263 |
| All Attorneys | 530 | $182 | $150 | $175 | $210 | $300 |

## Hourly Billing Rates for Associates and Legal Assistants

The distribution of hourly billing rates for associates and legal assistants are summarized by years of experience in Exhibit 23, by office location (Exhibits 24 and 25), and by firm size (Exhibits 26 and 27).

Exhibit 26    **DISTRIBUTIONS OF 2004 HOURLY BILLING RATES FOR ASSOCIATES BY FIRM SIZE AND YEARS OF EXPERIENCE**

| Associate Billing Rate Category | Firm Size (Number of Attorneys) | | | | |
|---|---|---|---|---|---|
| | 2 | 3-6 | 7-20 | 21+ | All |
| **No Experience** | | | | | |
| <$135 | 57.9 | 78.1 | 69.0 | 43.5 | 61.9 |
| $136-145 | 15.8 | 9.4 | 10.3 | 19.6 | 13.5 |
| $146-155 | 15.8 | 9.4 | 17.2 | 19.6 | 16.1 |
| $156-165 | | | 1.7 | 6.5 | 2.6 |
| $166-175 | 10.5 | | 1.7 | 4.3 | 3.2 |
| $176-199 | | | | 6.5 | 1.9 |
| $225-249 | | 3.1 | | | 0.6 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **3 Years Experience** | | | | | |
| <$135 | 43.8 | 35.3 | 39.0 | 13.0 | 31.0 |
| $136-145 | 18.8 | 20.6 | 22.0 | 19.6 | 20.6 |
| $146-155 | 25.0 | 29.4 | 20.3 | 21.7 | 23.2 |
| $156-165 | | 11.8 | 6.8 | 13.0 | 9.0 |
| $166-175 | 6.3 | 2.9 | 6.8 | 23.9 | 11.0 |
| $176-199 | 6.3 | | 5.1 | 8.7 | 5.2 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **5 Years Experience** | | | | | |
| <$135 | 12.5 | 24.0 | 25.0 | 4.3 | 16.9 |
| $136-145 | 25.0 | 8.0 | 10.7 | 10.6 | 11.0 |
| $146-155 | 12.5 | 40.0 | 25.0 | 10.6 | 22.1 |
| $156-165 | 12.5 | 12.0 | 17.9 | 17.0 | 16.2 |
| $166-175 | | 16.0 | 10.7 | 10.6 | 11.0 |
| $176-199 | 12.5 | | 10.7 | 29.8 | 15.4 |
| $200-224 | 25.0 | | | 14.9 | 6.6 |
| $225-249 | | | | 2.1 | 0.7 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **10 Years Experience** | | | | | |
| <$135 | 33.3 | 14.8 | 19.5 | 5.4 | 14.9 |
| $136-145 | 11.1 | | 4.9 | 2.7 | 3.5 |
| $146-155 | | 22.2 | 14.6 | 5.4 | 12.3 |
| $156-165 | 22.2 | 7.4 | 4.9 | 5.4 | 7.0 |
| $166-175 | | 14.8 | 14.6 | 16.2 | 14.0 |
| $176-199 | | 18.5 | 26.8 | 18.9 | 20.2 |
| $200-224 | 22.2 | 18.5 | 14.6 | 18.9 | 17.5 |
| $225-249 | 11.1 | 3.7 | | 10.8 | 5.3 |
| $250+ | | | | 16.2 | 5.3 |
| Total | 100% | 100% | 100% | 100% | 100% |

Exhibit 27    DISTRIBUTIONS OF 2004 HOURLY BILLING RATES FOR LEGAL ASSISTANTS BY FIRM SIZE AND EXPERIENCE

| Legal Assistant Billing Rate Category | 2 | 3-6 | 7-20 | 21+ | All Firms |
|---|---|---|---|---|---|
| **No Experience** | | | | | |
| $50 or less | 40.0 | 60.0 | 50.0 | 20.0 | 41.0 |
| $51-60 | 30.0 | 20.0 | 20.0 | 17.1 | 20.0 |
| $61-70 | 10.0 | 4.0 | 10.0 | 5.7 | 7.0 |
| $71-80 | 20.0 | 8.0 | 10.0 | 25.7 | 16.0 |
| $81-90 | | 4.0 | 10.0 | 8.6 | 7.0 |
| $91-100 | | 4.0 | | 17.1 | 7.0 |
| $101-110 | | | | 5.7 | 2.0 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **3 Years Experience** | | | | | |
| $50 or less | 12.5 | 25.0 | 13.3 | 2.8 | 11.7 |
| $51-60 | 62.5 | 35.0 | 23.3 | 11.1 | 24.5 |
| $61-70 | | 20.0 | 26.7 | 22.2 | 21.3 |
| $71-80 | | 10.0 | 13.3 | 11.1 | 10.6 |
| $81-90 | 12.5 | 5.0 | 10.0 | 22.2 | 13.8 |
| $91-100 | 12.5 | | 10.0 | 8.3 | 7.4 |
| $101-110 | | 5.0 | 3.3 | 8.3 | 5.3 |
| $111-120 | | | | 11.1 | 4.3 |
| >$120 | | | | 2.8 | 1.1 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **5 Years Experience** | | | | | |
| $50 or less | 16.7 | 4.5 | 8.6 | 2.9 | 6.2 |
| $51-60 | | 27.3 | 17.1 | 5.9 | 14.4 |
| $61-70 | 66.7 | 22.7 | 11.4 | 14.7 | 18.6 |
| $71-80 | 16.7 | 31.8 | 34.3 | 11.8 | 24.7 |
| $81-90 | | 4.5 | 14.3 | 11.8 | 10.3 |
| $91-100 | | | 11.4 | 17.6 | 10.3 |
| $101-110 | | 9.1 | | 11.8 | 6.2 |
| $111-120 | | | | 11.8 | 4.1 |
| >$120 | | | 2.9 | 11.8 | 5.2 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **10 Years Experience** | | | | | |
| $50 or less | 20.0 | | | 2.7 | 3.9 |
| $51-60 | 20.0 | 9.1 | 18.9 | 3.0 | 11.8 |
| $61-70 | | 13.6 | 13.5 | 12.1 | 11.8 |
| $71-80 | 30.0 | 40.9 | 18.9 | 6.1 | 20.6 |
| $81-90 | 10.0 | 18.2 | 21.6 | 6.1 | 14.7 |
| $91-100 | | 13.6 | 16.2 | 18.2 | 14.7 |
| $101-110 | | 4.5 | | 12.1 | 4.9 |
| $111-120 | 20.0 | | 5.4 | 18.2 | 9.8 |
| >$120 | | | 2.7 | 21.2 | 7.8 |
| Total | 100% | 100% | 100% | 100% | 100% |

Exhibit 28 displays the impact of firm size on methods for client billing for legal assistants:

Exhibit 28    LEGAL ASSISTANT CLIENT BILLING METHODS BY SIZE OF FIRM, 2004

| Billing Method for Legal Assistants | 1 | 2 | 3-6 | 7-20 | 21+ | All Firms |
|---|---|---|---|---|---|---|
| Included with Attorney Fee | 47.1 | 59.5 | 39.7 | 19.7 | 4.7 | 32.1 |
| Time | 42.9 | 35.1 | 55.2 | 73.8 | 87.5 | 60.7 |
| Fee Schedule | 8.6 | 5.4 | 5.2 | 3.3 | 6.3 | 5.9 |
| Total | 100% | 100% | 100% | 100% | 100% | 100% |