IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 18 2008
Clerk, U.S. District and
Bankruptcy Courts

INTERNATIONAL PAINTERS AND ALLIED  )
TRADES INDUSTRY PENSION FUND       )
                                   )
                    Plaintiff,     )   CIVIL ACTION NO. 07-1534 (RCL)
       v.                          )
                                   )
CARLOS M. CRUZ, et al.             )
                    Defendants.    )

### ORDER AND JUDGMENT BY DEFAULT AGAINST DEFENDANTS

Upon consideration of the Complaint and Plaintiff's Motion for Entry of Judgment by Default, the supporting Memorandum, declarations and attached Exhibits, it appears to the Court that Defendants were served with process and have inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendants having been entered, the Court **FINDS**:

A.  Defendants, Carlos M. Cruz, d/b/a Magnum Painting Co. a/k/a Magnum Painting and Magnum Painting Co., Inc. a/k/a Magnum Painting Company, Inc. are bound to collective bargaining agreements requiring them to remit fringe benefit contributions and other sums to Plaintiff.

B.  Defendants have failed to remit to Plaintiff the fringe benefit contributions and other sums required by the collective bargaining agreement.

C.  Carlos M. Cruz is the owner or proprietor of Company, an unincorporated business, and thus, is personally liable for all amounts due to Plaintiff.

Consistent with these findings, it is **ORDERED**:

1.  Plaintiff's Motion is Granted.

192870-1

2.  Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and 29 U.S.C. §1132(g)(2)(A) through (E), judgment is entered in favor of Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"), and against Defendants, jointly and severally, in the amount of $114,779.81, which consists of the following:

    (a)  Unpaid contributions in the amount of $77,818.07 for the period April 2004 through March 2006;

    (b)  Liquidated damages in the amount of $15,770.45;

    (c)  Interest through January 31, 2008 in the amount of $15,770.45. The contribution amount in Paragraph 2(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

    (d)  $1,173.55 in audit costs for the audit conducted on March 15, 2006.

    (e)  $4,247.29, representing the attorneys' fees and costs incurred in the collection and enforcement of this action through January 28, 2008, in accordance with 29 U.S.C. §1132(g)(2)(D).

3.  If any such further action by the Plaintiff is required, it may apply to this Court or to the court in which enforcement is sought, for such further reasonable attorneys' fees and costs in addition to those set out in Paragraph 2(d) above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

4.      If Defendants fail to comply with any of the terms of this Order, the Plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendants, and may at that time ask for further appropriate monetary and/or injunctive relief.

BY THE COURT

Date: 4/18/08

By: *[signature]*
Royce C. Lamberth, J.
United States District Judge